**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HECTOR SAAVEDRA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No.** 3:21-cv-00061 |
| | § | |
| **FOCUS LOGISTICS, INC. AND FLI** | § | |
| **TRUCKING, INC. OR ANYONE DOING** | § | |
| **BUSINESS ON OR ABOUT AUGUST 30,** | § | |
| **2019 at 1101-B BURGUNDY DRIVE, EL** | § | |
| **PASO, TEXAS 79907,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants FOCUS LOGISTICS, INC. ("Focus")

and FLI TRUCKING, INC. ("FLI") (collectively referred to herein as "Defendants"), hereby give

notice of the removal of this action from the 448th Judicial District Court of El Paso County, Texas

to the United States District Court for the Western District of Texas, El Paso Division. By

removing this case, Defendants do not waive, and expressly reserve, any claims and defenses

available to them. In support of the Notice of Removal, Defendants state and allege as follows:

### I.      Background

1.      This action is presently pending in the 448th Judicial District Court of El Paso

County, Texas, as *Hector Saavedra v. Focus Logistics, Inc. and FLI Trucking, Inc. or Anyone*

*Doing Business on or about August 30, 2019 at 1101-B Burgundy Drive, El Paso, Texas,* Cause

No. 2020DCV3659 (the "State Court Action"). Plaintiff's Original Petition ("the Petition") naming

Defendants was filed on November 11, 2020.  Defendants received notice of this lawsuit on

February 10, 2020. Certified copies of the State Court File will be supplemented.

2.      The Petition alleges that Plaintiff sustained an on-the-job injury on or about June 3, 2019 in El Paso, Texas, on August 8, 2019. Ex. A, Pl. Pet. at p. 2. Plaintiff alleges that he injured his head, neck, and back while loading a trailer "at the direction of Defendant," though he fails to specify which Defendant was involved in the incident. *Id*. Plaintiff alleges a negligence claim against FLI. *Id*. at p. 3.

3.      Plaintiff also brings claims of retaliation seemingly against both Defendants pursuant to Texas Labor Code Section 451. *Id*. at p. 4. Plaintiff alleges, without basis, that Defendants terminated him as a retaliation for having filed a claim. *Id*. Plaintiff consequently seeks recovery for past and future lost wages, past and future mental anguish, emotional distress, loss of enjoyment of life, suffering, inconvenience, and emotion. *Id*.

## II.      Amount in Controversy

4.      The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). However, if the state's practice does not permit demands for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* § 1446(c)(2)(A)(ii). Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon v. Wells Fargo Bank, N.A.*, EP-10-CV-106-KC, 2010 U.S. Dist. LEXIS 61755, at *3–7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, EP-10-CV-406-KC, 2011 U.S. Dist. LEXIS 9423, at *2–4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably

in the removal petition, that support a finding of the requisite amount. *Gutierrez,* 2011 U.S. Dist. LEXIS 9423, at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). That being said, a plaintiff must make all information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of jurisdiction. *Gutierrez*, 2011 U.S. Dist. LEXIS 9423, at *5.

5.      In this case, Plaintiff has asserted an extensive list of damages, both in the past and continuing in the future. Though Plaintiff has not pleaded a range of damages pursuant to Texas Rule of Civil Procedure 47, presumably in an attempt to avoid removal, Plaintiff pleads damages of $67,230.04 for past reasonable medical care and expenses and further pleads damages for reasonable future medical care and expenses; past and future physical pain and suffering; past and future physical impairment; and past and future mental anguish. Ex. A, Pl. Pet. at pgs. 3-4.

6.      Additionally, in his Prayer for Relief, Plaintiff requests that the Court enter a judgment in his favor for back pay and benefits; front pay and benefits; emotional distress, loss of enjoyment of life, suffering, inconvenience, and emotional pain; punitive damages; expert and attorney's fees; and pre-judgment and post-judgment interest. *Id*. at p. 5.

7.      Given the plethora of damages which Plaintiff seeks to recover in this suit, and the extensive complaints set forth in the petition, it is facially apparent that the amount in controversy is in excess of $75,000.00.

8.      Consequently, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

### III.   Diversity of Citizenship

9.      According to the Petition, Plaintiff is and was a resident and citizen of the State of Texas. Ex. A, Pl. Pet. at p. 1.

10.     Plaintiff alleges that Defendant Focus is a "business of the State of Texas." *Id.* Defendant Focus is a corporation incorporated in the State of Illinois with its principal place of business at 2075 Foxfield Road, Suite 100, St. Charles, Illinois 60174. Defendant is therefore a citizen of the State of Illinois.

11.     Plaintiff pleads that Defendant Focus is a "business of the State of Texas." Ex. A, Pl. Pet. at p. 1. Defendant FLI is a corporation incorporated in the State of Illinois with its principal place of business at 2075 Foxfield Road, Suite 100, St. Charles, Illinois 60174.  Defendant is therefore a citizen of the State of Illinois.

12.     Although Plaintiff named an unknown defendant in the State Court Action, "Anyone Doing Business on or About August 30, 2019 at 1101-B Burgundy Drive, El Paso, Texas 79907," this unknown defendant has been sued under a fictitious name. This unknown defendant's citizenship should therefore be disregarded. *See* 28 U.S.C. § 1441(b). "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names shall be disregarded." *Id.*

13.     Defendants nonetheless assert that they were the only entities doing business on or about August 30, 2019 at 1101-B Burgundy Drive, El Paso, Texas 79907. Ex. B, Aff. of Danial.

14.     Based on the citizenship of the parties, there is complete diversity for the purposes of 28 U.S.C. §§ 1441 and 1332.

### IV.   Consent to Removal

15.     Defendants consent to removal of the State Court Action.

### V.   Venue

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

### VI.   The Notice of Removal is Timely

17.     The removal period is not triggered until a defendant receives actual service; the removal period does not begin when the statutory agent receives process. *McCrary v. Kansas City S. Ry. Co.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. June 15, 2000); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1999).

18.     Here, Defendants' statutory agent received process on February 10, 2021. Ex. C, Aff. of Fletcher; Ex. D. Fletcher Feb. 10, 2021 Letter. Defendants also received service on February 10, 2021. Ex. B, Aff. of Danial.

19.     This Notice is timely filed pursuant to 28 U.S.C. §1446(b), since it was filed within thirty (30) days of the receipt of Plaintiff's Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action.

20.     Plaintiff demanded a jury trial in the state court action.

21.     True and correct copies of the documents filed in the State Court Action will be promptly supplemented.

22.     A Notice of Filing Notice of Removal is being filed concurrently with this Notice in the 448th Judicial District Court of El Paso County, Texas, cause number 2020DCV3659.

23.     Therefore, under the applicable provisions of §§ 1332, 1441, and 1446, Defendants have complied with necessary requirements and are entitled to remove this action.

**WHEREFORE,** Defendants FOCUS LOGISTICS, INC. and FLI TRUCKING, INC. hereby remove all claims in the State Court Action from the 448th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

**MOSS LEGAL GROUP, PLLC**
5845 Cromo Dr., Suite 2
El Paso, Texas 79912
(915) 703-7307
(915) 703-7618 Telecopier

By:     */s/ M. Mitchell Moss*
      **M. MITCHELL MOSS**
State Bar No. 00784647
Mitch@mosslegalsolutions.com
**CINDY M. VAZQUEZ**
State Bar No. 24100497
Cindy@mosslegalsolutions.com
*Attorneys for Defendants Focus Logistics, Inc. and FLI Trucking, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of March 2021, I electronically filed the foregoing Notice of Removal with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

Humberto S. Enriquez
THE ENRIQUEZ LAW FIRM, PLLC
1212 Montana Avenue
El Paso, Texas 79902
(915) 351-4331 Phone
(915) 351-4339 Fax
enriquezlawfirm@sbcglobal.net
*Attorney for Plaintiff*

   */s/ M. Mitchell Moss*
**M. MITCHELL MOSS**

# Exhibit A

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  If you may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **FOCUS LOGISTICS, INC.**, who may be served with process at the following address, **DOUGLAS FLETCHER, 8750 NORTH CENTRAL EXPRESSWAY 16TH FLOOR,  DALLAS, TX  75231**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Requests for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 11th day of November, 2020, by Attorney at Law, HUMBERTO S ENRIQUEZ, 1212 MONTANA, EL PASO, TX 79902 in this case numbered **2020DCV3659** on the docket of said court, and styled:

**HECTOR SAAVEDRA**

**VS**

**FOCUS LOGISTICS, INC. and FLI TRUCKING, INC. or anyone doing business on or about August 30, 2019 at 1101-B Burgundy Drive, El Paso, Texas 79907**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Requests for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 3rd day of February, 2021.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Rose Delgado

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____, 2021, at _____ I mailed to

_____

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Requests for Disclosure attached thereto.

_____

*NAME OF PREPARER                    TITLE

ADDRESS

CITY                    STATE                    ZIP

_____
TITLE

El Paso County - 448th District Court

Filed 11/11/2020 1:19 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV3659

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

HECTOR SAAVEDRA,                                }

    Plaintiff,                             }

vs.                                             }          Cause No. 2020-DCV_____

FOCUS LOGISTICS, INC. and FLI TRUCKING, INC.    }
or anyone doing business on or about August 30, 2019
at 1101–B Burgundy Drive, El Paso, Texas 79907, }

    Defendants.

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

NOW COMES Plaintiff Hector Saavedra, complaining of Defendant Focus Logistics, Inc. and FLI Trucking, Inc. or anyone doing business on or about August 30, 2019 at 1101–B Burgundy Drive, El Paso, Texas 79907 and would show the Court the following:

### Discovery Control Plan

1.    Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### Parties and Service

2.    Plaintiff Hector Saavedra (hereafter "Plaintiff" and "Mr. Saavedra") is a resident of El Paso County, Texas.

3.    Defendant FOCUS LOGISTICS, INC. is a business of the State of Texas.   Said Defendant may be served with process at the following address: Douglas Fletcher, 8750 North Central Expressway 16th Floor, Dallas, Texas 75231.

4.    Defendant FLI Trucking, Inc. or anyone doing business on or about August 30, 2019 at 1101 B Burgundy Drive, El Paso, Texas 79907 a business of the State of Texas.   Said Defendant may be served with process at the following address: Douglas Fletcher c/o Fletcher & Springer, 8750 North Central Express,

Dallas, Texas 75231.

Venue and Jurisdiction

5.      Pursuant of Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso

County, Texas because Plaintiff is a resident of the County.   Additionally, all or some of the acts or omissions

which give rise to this action occurred therein.

Facts

6.      Mr. Saavedra began his employment with Defendant Focus Logistics, Inc. on or about June 3, 2019.

7.      Mr. Saavedra was an employee of Defendant Focus Logistics, Inc., and worked as a forklift operator.

8.      On or about August 30, 2019, while in the course and scope of his employment with Defendant,

Plaintiff sustained an on the job injury.   Specifically, he was performing his duties when he injured his head,

neck and back while loading a trailer at the direction and instruction of Defendant.   As Mr. Saavedra was

operating a forklift to load a trailer, the driver of the trailer pulled the trailer from the dock door causing the

forklift to fall backward from the dock area.

9.      Mr. Saavedra promptly reported his work-related injury to Defendant through his supervisor, Seth

Bush. However Defendant did not inform Mr. Saavedra of his rights under the Texas Workers' Compensation

laws.

10.      Mr. Saavedra sought treatment the day of the accident at Del Sol Medical Center as he suffered

injuries to his head, neck and back.

11.      A timely claim was filed with the Texas Department of Insurance, pursuant to the Texas Workers'

Compensation Act.

12.      Defendants and the decision maker(s) involved in Plaintiff's termination exhibited a negative attitude

against Plaintiff after he reported his work-related injury.

13.     On or about March 23, 2020, Plaintiff received notification that he had been terminated effective August 30, 2019.

14.     Defendant's stated reason for terminating Mr. Saavedra employment is that he was injured while at work and they did not receive a doctors release to allow him to resume his work.

15.     To the best of Plaintiff's recollection, as of March 23, 2020, he still had not received formal, written notification that his employment with Defendant had been terminated.

16.     Defendant's stated reasons for terminating Mr. Saavedra are pretextual.

17.     Mr. Saavedra was fired, retaliated and discriminated against in violation of Chapter 451 of the Texas.

### Plaintiff's Claim of Negligence
### Against Defendant FLI Trucking, Inc.

18.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

19.     At all times Defendant, FLI Trucking, Inc. had a duty to act as a reasonably prudent motorist. Defendant, FLI Trucking, Inc. breached this duty proximately causing the injuries of HECTOR SAAVEDRA. Defendant's negligence includes but is not limited to the following:

    a.   failing to keep a proper look out;

    b.   failing to keep the tractor locked in the bay area, causing injury to Plaintiff;

    c.   failing to wait for Hector Saavedra to exit the trailer before moving the trailer from dock door.

### Damages for Hector Saavedra

20.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

21.     As a direct and proximate result of the occurrence made the basis of this lawsuit, HECTOR SAAVEDRA was caused to suffer injuries to his head, neck, back, and body as a whole, and to incur the following damages:

    A.   Reasonable medical care and expenses in the past in the amount of $67,230.04.   This expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the

accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.      Reasonable medical care and expenses in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering in the future;

E.      Physical Impairment in the past;

F.      Physical Impairment which, in all reasonable probability, will be suffered in the future;

G.      Mental anguish in the past;

H.      Mental anguish in the future.

Cause of Action

Texas Labor Code § 451 – Retaliation

22.      The above allegations are re-alleged and incorporated by referenced.

23.      Mr. Saavedra, in good faith, filed a workers' compensation claim and instituted, or caused to be instituted, a proceeding under the Texas Worker's Compensation Act.

24.      Defendant's decision to terminate Mr. Saavedra's employment was carried out as retaliation for having filed a worker's compensation claim, in violation of Texas Labor Code §451.001.

25.      As a direct and proximate result of Defendant's retaliation, Mr. Saavedra has suffered past and future lost wages, and past and future mental anguish, emotional distress, loss of enjoyment of life, suffering, inconvenience and emotional pain.

26.      Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

## Jury Demand

27.     Mr. Saavedra requests a trial by jury.

## Request for Disclosure

28.     Pursuant to Rule 194 of Texas Rules of Civil Procedure, Defendant is requested to disclose within fifty (50) days of service of this request the information and material described in Rule 194.2(a) through (k) of the Texas Rule of Civil Procedure.

## Prayer for Relief

WHEREFORE, Plaintiff Hector Saavedra respectfully requests that this Honorable Court cite the Defendants to answer and appear, and upon final trial, enter a judgment upon his favor and award the following:

a.   Back pay and benefits;

b.   Reinstatement, or front pay and benefits, if reinstatement is not feasible;

c.   Past and future mental anguish, emotional distress, loss of enjoyment of life, suffering, inconvenience and emotional pain;

d.   Punitive damages;

e.   Costs, including reasonable expert fees and attorneys' fees;

f.   Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;

g.   Injunctive relief requiring Defendant to cease their practice of retaliating against employees who exercise their rights under the Texas Workers' Compensation Act; and

h.    Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

THE ENRIQUEZ LAW FIRM, PLLC
1212 Montana Avenue
El Paso, Texas 79902
(915) 351.4331
(915) 351.4339 Facsimile

BY: HUMBERTO S. ENRIQUEZ
Attorney for Plaintiff
State Bar No.   00784019

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HECTOR SAAVEDRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. |
| | § | |
| FOCUS LOGISTICS, INC. AND FLI | § | |
| TRUCKING, INC. OR ANYONE DOING | § | |
| BUSINESS ON OR ABOUT AUGUST 30, | § | |
| 2019 at 1101-B BURGUNDY DRIVE, EL | § | |
| PASO, TEXAS 79907, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF BASHAR DANIAL

**BEFORE ME**, the undersigned authority, personally appeared Bashar Danial, being by me duly sworn, deposed as follows:

My name is Bashar Danial. I am at least 21 years of age, of sound mind, and am capable of making this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

1. I am the President and Chief Executive Officer of Focus Logistics, Inc. ("Focus") and FLI Trucking, Inc. ("FLI") (collectively, "Defendants").

2. Defendants' processing agent for service of process is Douglas D. Fletcher at 8750 North Central Expressway 16th Floor, Dallas, Texas 75231.

3. On February 10, 2021, I received Mr. Fletcher's correspondence dated February 10, 2021 (*See* Ex. D, Feb. 10 Letter), along with Plaintiff's Original Petition and Requests for Disclosure. Mr. Fletcher's correspondence was addressed to Jerry Zienty, Defendants' in-house counsel. In his correspondence, Mr. Fletcher states that he was served with Plaintiff's

1

Original Petition on February 10, 2021. Mr. Zienty forwarded me Mr. Fletcher's correspondence promptly upon receipt.

4. I did not receive Plaintiff's Original Petition or citation at any point prior to February 10, 2021.

5. Additionally, Defendants currently and exclusively lease the location at 1101-B Burgundy Drive, El Paso, Texas 79907 and have exclusively leased this location for at least the past seven years without interruption.

6. Defendants were doing business at 1101-B Burgundy Drive, El Paso, Texas 79907 on or about August 30, 2019.

7. Besides Defendants, no one else does or has done business at 1101-B Burgundy Drive, El Paso, Texas 79907 for at least the past seven years.

Signed this _12th_ day of _March_, 2021.

**Focus Logistics, Inc. and FLI Trucking, Inc.**

By: _____
Bashar Danial
President and CEO of Focus Logistics, Inc.
and FLI Trucking, Inc.

STATE OF ___ILLINOIS___ )
                               )
COUNTY OF ___Kane___ )

SWORN TO AND SUBSCRIBED BEFORE ME on this _12th_ day of _March_, 2021.

```
Official Seal
Dawn Moecher
Notary Public State of Illinois
My Commission Expires 12/17/2022
```

_____
Notary Public in and for
The State of ___ILLINOIS___

[Official Seal]

2

**EXHIBIT C**

CAUSE NO. 2020DCV3659

| | | |
|---|---|---|
| HECTOR SAAVEDRA,<br>        Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | EL PASO COUNTY, TEXAS |
| FOCUS LOGISTICS, INC. and FLI<br>TRUCKING, INC.,<br>        Defendants. | §<br>§<br>§ | 448TH JUDICIAL DISTRICT |

## AFFIDAVIT OF DOUGLAS D. FLETCHER

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

1.      "My name is Douglas D. Fletcher.  I am over twenty-one years of age and am competent in all respects to provide the testimony set forth in this Affidavit.  The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2.      I am the processing agent for service of process in the State of Texas for Focus Logistics, Inc. and FLI Trucking, Inc. through National Resident Agent Service.

3.      On February 10, 2021 I received in my office, via Certified Mail, Return Receipt Request, citation and Petition in regard to the above matter.  I immediately, and on February 10, 2021, forwarded the citation and Petition to Jerry Zienty c/o Focus Logistic, Inc., via email and regular U.S. mail, pursuant to instructions from Mr. Zienty.

        Further, Affiant sayeth not."


_____
**DOUGLAS D. FLETCHER**

**AFFIDAVIT OF DOUGLAS D. FLETCHER - Page 1**

## <u>VERIFICATION</u>

Before me, the undersigned Notary Public in and for the State of Texas, on the 12th day

of March 2021 personally appeared Douglas D. Fletcher, who is personally known to me to be

one and the same person whose name is subscribed to the foregoing Affidavit of Douglas D.

Fletcher, who, after being duly sworn, on oath stated to me that all of the statements made in the

Affidavit are true and correct, based upon his personal knowledge.



SHEILA LANDUA
Notary Public
STATE OF TEXAS
ID# 5864709
My Comm. Exp. Nov. 13, 2024

_____
Notary Public in and for the State of Texas

11-13-2024
_____
My Commission Expires

**EXHIBIT D**

 **FLETCHER | FARLEY**

9201 North Central Expressway
6th Floor
Dallas, Texas 75231
phone (214) 987-9600
fax (214) 987-9866
www.fletcherfarley.com

Douglas D. Fletcher
Advocate, American Board of Trial Advocates

doug.fletcher@fletcherfarley.com

February 10, 2021

*Via Email*    jazlaw78@aol.com
*and U.S. Regular Mail*
Mr. Jerry Zienty
c/o Focus Logistics, Inc.
2075 Foxfield Road, Suite 100
St. Charles, IL  60174

Re:    Cause No. 2020DCV3659
Hector Saavedra vs. Focus Logistics, Inc. and FLI Trucking,
Inc. or anyone doing business on or about August 30, 2019
at 1101-B Burgundy Drive, El Paso, Texas 79907
*448th Judicial District Court/El Paso County, Texas*

Dear Mr. Zienty:

Pursuant to your telephone conversation with my secretary, attached please find citation, Plaintiff's Original Petition and Requests for Disclosure in regard to the above matter which were served upon me today, February 10, 2021, via certified mail, as Process Agent for Focus Logistics, Inc. and FLI Trucking, Inc. in the State of Texas.

As you know, you will need to see that an answer is filed on behalf of Focus Logistics, Inc. and FLI Trucking, Inc. no later than 10:00 a.m. on the Monday next following the expiration of 20 days after service, exclusive of the day of service.

Please be advised that our firm will take no further action on this matter unless you so advise.  As always, if we can be of service to you, please do not hesitate to let me know.

Sincerely yours,

**FLETCHER, FARLEY, SHIPMAN
& SALINAS, L.L.P.**

Douglas D. Fletcher

DDF:sfl

Attachments

**FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.**

DALLAS | AUSTIN

Page 2
February 10, 2021


cc:    Ms. Marge Hagan, w/encls.
       National Resident Agent Service Incorporated
       1059 Harriman Court
       West Chester, PA 19380